# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3139 MOUNT WHITNEY RD. TRUST DATED 06/14/2021, <br><br> Plaintiff, <br><br> v. <br><br> DEBRA TONER, et al., <br><br> Defendants. | Case No. 22-cv-189-MMA (AHG) <br><br> **ORDER REMANDING ACTION TO STATE COURT** |

On February 9, 2022, Defendant Debra Toner ("Defendant") filed a Notice of Removal from the State of California, Superior Court for the County of San Diego. *See* Doc. No. 1 ("Notice of Removal"). According to the state court complaint, 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, L.P., as Trustee ("Plaintiff") alleges a claim for unlawful detainer against Defendants Debra Toner, Kevin P. Carey, Richard L. Stanley, and other unascertained defendants (collectively, "Defendants"). *See id.* Having reviewed Defendant's Notice of Removal, the Court finds it does not have subject matter jurisdiction over this action, the removal is procedurally defective, and sua sponte remand is appropriate. Therefore, for the reasons stated below, the Court **REMANDS** this action to San Diego County Superior Court.

# DISCUSSION

Defendant again attempts to have this Court exercise jurisdiction over the present unlawful detainer action. Defendant previously removed the same state court action to this Court in Case No. 21-cv-1845-MMA (AGS) ("First Case") and the Court remanded the action for lack of subject matter jurisdiction. First Case at Doc. No. 9. The complaint attached to the Notice of Removal in this action is the same complaint bearing the same state court case number as the complaint attached to the notice of removal in the First Case. *Compare* Notice of Removal at 1, *with* First Case at Doc. No. 1. A review of the Notice of Removal reveals that Plaintiff does not allege any additional grounds for this Court's subject matter jurisdiction that would render the removal proper. *See St. Paul & C.R. Co. v. McLean*, 108 U.S. 212, 217 (1883); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492–93 (5th Cir. 1996) ("As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*. The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (*i.e.*, federal question or diversity jurisdiction), but rather the pleading or event that made the case removeable." (footnote omitted)); *Fed. Home Loan Mortg. Corp. v. Pulido*, No. C 12-04525, 2012 WL 5199441, *2 (N.D. Cal. Oct. 20, 2012) ("Multiple removals could encounter problems—could even lead to sanctions—if nothing of significance changes between the first and second tries." (internal citation omitted) (citing *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999))).

In any event, the Court finds that Plaintiff still fails to establish a basis for this Court's subject matter jurisdiction. Federal court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so sua sponte. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th

Cir. 2004) (observing that a court is required to consider sua sponte whether it has subject matter jurisdiction). A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Generally, subject matter jurisdiction is based on presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. For an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10–11 (1983). Additionally, a federal court has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

The party seeking federal jurisdiction bears the burden to establish jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)); *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." *Franchise Tax Bd.*, 463 U.S. at 9–10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). A defendant's claims or defenses that a plaintiff has violated a federal statute cannot serve as a basis for federal question jurisdiction. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Here, Defendant generally asserts in her removal papers that jurisdiction in this Court is proper, but she sets forth no cognizable basis for jurisdiction in her Notice of Removal. As to federal question, the presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of [the] plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. A review of the state court complaint reveals that Plaintiff alleges a single unlawful detainer claim against the Defendants under California state law. Even liberally construing the notice, any purported federal rights or claims would be defenses and potential counterclaims against Plaintiff. However, neither defenses nor counterclaims are considered in evaluating whether a federal question appears on the face of a Plaintiff's complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (providing that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). As such, Defendant does not establish federal question jurisdiction under 28 U.S.C. § 1331, and removal on this ground was improper.

Defendant also fails to establish that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a trust, and the trustee is a citizen of California. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant admittedly is a citizen of California as she currently resides at the property at issue in the case. Thus, both Plaintiff and Defendant are citizens of the same state. The Court therefore lacks diversity jurisdiction, and removal on this ground was improper.[1]

---

[1] Removal in this case is also improper under 28 U.S.C. § 1441(b) because Defendant is a citizen of California and thus cannot remove the action. 28 U.S.C. § 1441(b) (providing that removal is not permitted in diversity cases "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

      Defendant additionally asserts that "civil rights removal" is proper pursuant to 28 U.S.C. § 1443.  Notice of Removal at 9.  A petition for removal under section 1443(1) has been narrowly interpreted and must satisfy a two-part test.  *See Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804 (1966); *City of Greenwood v. Peacock*, 384 U.S. 808, 824–28 (1966).  "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Rachel*, 384 U.S. at 788–92).  "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Id.*  Civil rights removal is not proper in this case.  Even assuming Defendant properly identifies an explicit equal racial civil rights law that may be asserted as a defense in the state court action, she fails to show how or why she would be unable to enforce those rights in state court.  To be sure, she does not point to any specific state statute or constitutional provision that would "command" the state court to ignore her rights.  Thus, a federal forum is not necessary to protect Defendant's rights, and removal is improper under section 1443.

      In sum, Defendant again fails to establish a basis for this Court's subject matter jurisdiction.[2]  The Court must remand the case.  *See* 28 U.S.C. § 1447(c).

---

[2] The Court also finds that Defendant's removal is procedurally defective under 28 U.S.C. § 1446(b)(2)(A) because Plaintiff named multiple persons in the complaint but only Defendant filed the notice of removal and failed to affirmatively explain her co-defendants' absence.  28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); *see also Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by state on other grounds* ("Where fewer than all the defendants have jointed in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal.").

## CONCLUSION

After careful review of the Notice of Removal and the accompanying documents, the Court finds and concludes that it lacks subject matter jurisdiction over this action and the removal is procedurally defective. Therefore, the Court sua sponte **REMANDS** this action to the Superior Court for the County of San Diego. The Court **DIRECTS** the Clerk of Court to return the case to state court forthwith and close this action.

**IT IS SO ORDERED**.

Dated: February 15, 2022

_____
HON. MICHAEL M. ANELLO
United States District Judge